Mark Ankcorn (166871)
ANKCORN LAW FIRM, PC
11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600
(619) 684-3541 fax
*mark@ankcorn.com*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Terrence Harris**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**Credit One Bank, N.A.**,<br><br>Defendant. | Case No. '16CV0908 BEN JLB<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

1. Terrence Harris ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and abusive attempts by Credit One Bank, N.A. ("Defendant"), and its agents to collect a debt, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227, and under 28 U.S.C § 1367 for pendant state law claims.

Complaint—1

4. This action arises out of Defendant's violations of the following: the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Nevada Deceptive Trade Practices Act, Nevada Revised Statutes § 41.600 ("NDTPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because Defendant regularly transacts business here.

## Parties

6. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Nevada. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

7. Defendant is a national banking association operating from an address of 585 Pilot Road, Las Vegas, Nevada. Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

## Factual Allegations

8. Plaintiff is a subscriber to cellular telephone services for a telephone number ending in 5614, where he received the calls from Defendant complained of herein.

9. Beginning no later than May 6, 2015, Defendant initiated multiple telephonic communications from various telephone numbers to Plaintiff's cellular telephone number ending in 5614 using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

10. This ATDS used by Defendant to call Plaintiff had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

11. Each of these calls was an attempt to collect on a consumer debt allegedly due and owing by Plaintiff.

12. The calls continued at least through November 30, 2015 and came virtually every day and often more than once per day. A list of the calls presently

Complaint—2

known to Plaintiff is set forth as Exhibit "A" to this Complaint and is incorporated herein by reference.

13. These calls were harassing, repetitive, and deliberately calculated to intrude on Plaintiff's privacy. Examples of the abusive pattern and practice of calling are:

14. In August 10 through August 31, 2015, Defendant called Plaintiff's cellular telephone number ending 5614 not less than 150 times, or an average of 7.14 times per day.

15. In September 2015, Defendant called Plaintiff's cellular telephone number ending 5614 not less than 260 times, and called every day except September 7.

16. In October 2015, Defendant called Plaintiff's cellular telephone number ending 5614 not less than 266 times, or an average of 8.58 times per day. Defendant called every day without exception during this period.

17. In November 2015, Defendant called Plaintiff's cellular telephone number ending 5614 not less than 254 times and called every day except November 26, 2015.

18. In total, Plaintiff received at least 1040 calls from Defendant on his cellular telephone number ending 5614 through November 30, 2015. The calls continue to the present day and Plaintiff seeks discovery to determine the exact number and timing.

19. None of the calls were made with Plaintiff's express consent.

20. Each of the calls were made by Defendant or a third party acting on its behalf and under its control using telephone equipment that meets the definition of an "automatic telephone dialing system" under the TCPA.

21. Plaintiff answered several of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite this clear and unmistakable request, the calls continue without interruption. Each of

these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

22. Plaintiff also began to ignore or send to voice mail many incoming calls from numbers he did not recognize, out of frustration in dealing with Defendant's unwanted and intrusive calls. In doing so, he missed many important communications from friends and family.

23. Plaintiff's cellular telephone number ending in 5614 was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

24. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Plaintiff did not provide prior express consent to receive calls or messages placed utilizing an ATDS, as required by 47 U.S.C. § 227 (b)(1)(A).

26. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

27. Additionally, Defendant used an artificial and/or pre-recorded voice to make calls to Plaintiff's cellular telephone, which is a separate and independent violation of the TCPA and makes Defendant liable for additional statutory damages.

28. Plaintiff felt frustrated and helpless as a result of the calls. The unrelenting, repetitious calls disrupted Plaintiff's daily activities and peaceful enjoyment of his personal and professional life.

29. The calls placed by Defendant to Plaintiff were extremely intrusive into Plaintiff's personal life, including his relationships with close family members.

///

Complaint—4

## First Claim for Relief

### Telephone Consumer Protection Act — 47 U.S.C. § 227(b)(1)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Within a four-year period immediately preceding this action, Defendant made more than 1,000 calls to Plaintiff's cellular telephone service using an automatic telephone dialing system and/or an artificial or prerecorded voice in violation of the TCPA.

32. As a direct and intended result of the above violations of the TCPA, Defendant caused Plaintiff to sustain damages.

33. Defendant did not have prior express consent from Plaintiff to use an ATDS or to employ an artificial or prerecorded voice to call the Plaintiff's cellular telephone.

34. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of not less than $500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Defendant willfully and knowingly violated the TCPA, and as such Plaintiff is entitled to as much as $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff is entitled to injunctive relief prohibiting such conduct in the future.

## Second Claim for Relief

### NDTPA — Nev.Rev.Stat. § 41.600

37. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

38. Nevada law provides that, "A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she

knowingly . . . [v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services." Nev. Rev. Stat. § 598.0923(3).

39. The TCPA is a federal statute relating to the sale or lease of goods or services. As alleged herein, Defendant's violations of the TCPA were made in the course of its business or occupation.

40. Pursuant to the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 41.600, violations of Nev. Rev. Stat. § 598.0923 constitute "consumer fraud." Nev. Rev. Stat, § 41.600(2)(e).

41. As set forth above, by negligently, knowingly and willfully placing the automated calls and calls employing automated or prerecorded voice messages described herein, resulting in Credit One contacting cellular telephones belonging to Plaintiff without his prior express written consent, Credit One violated the TCPA.

42. Each such violation is a separate and distinct violation of the Nevada Deceptive Trade Practices Act. See, e.g., *Bates v. Dollar Loan Center, LLC*, No. 2:13-cv-1731 (D.Nev.) (July 15, 2014) (violation of the TCPA is a violation of NDTPA).

43. As a result, Plaintiff is entitled to and seeks damages in an amount to be proven at trial, equitable relief, and costs of suit together with attorneys' fees.

### Third Claim for Relief
### Negligence

44. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

45. Plaintiff believes and thereon alleges that Defendant owed various duties to Plaintiff pursuant to the statutes described herein. Specifically, Defendant owed a duty to Plaintiff with regard to the manner of debt collection practices.

Complaint—6

46. Defendant breached Defendant's respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

47. Plaintiff asserts that Defendant is both the actual and legal cause of Plaintiff's injuries.

48. Plaintiff believes and thereon alleges that as a proximate result of Defendant's negligence, Plaintiff has suffered significant emotional distress.

49. Due to the egregious violations alleged herein, Plaintiff asserts that Defendant breached Defendant's respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner. As such, said conduct Defendant's conscious disregard for Plaintiff's rights entitles Plaintiff to recover punitive damages from Defendant.

## Fourth Claim for Relief

## Invasion of Privacy

50. Plaintiff re-alleges and incorporates by reference the above paragraphs as through set forth fully herein.

51. Plaintiff had an objectively reasonable expectation of privacy at home, at work, and when conducting his daily affairs, to expect that he would not be subject to a dozen or more phone calls every day for months at a time. Defendant's unrelenting campaign of harassment by placing more than two thousand repeated phone calls intruded into this reasonable expectation of privacy.

52. The frequency and cumulative volume of Defendant's phone calls were received in a manner that would be highly offensive to a reasonable person in the same or similar circumstances.

## Jury Trial Demand

53. Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

///

Complaint—7

**Prayers for Relief**

Wherefore, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

1. An injunction against the calling of Plaintiff's cellular telephone by Defendant and its contractors, agents and employees;
2. Damages pursuant to 47 U.S.C. § 227(b)(3);
3. Damages pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30;
4. General, special, and punitive damages according to proof;
5. Costs of litigation and reasonable attorneys' fees;
6. Such other and further relief as the Court may deem just and proper

Dated:   April 15, 2016          Ankcorn Law Firm, PC

/s/ Mark Ankcorn

Attorneys for Plaintiff